## COUNTY COURT.

### WILLIAMS agt. UPTON.

A *reply* is not proper unless the answer sets up as a defence a " counter-claim " as defined by § 150 of the Code.

It *seems*, that § 154 must have been overlooked in the amendment of the Code in 1852, for the reason that that section is inconsistent with the other sections upon the same subject, in containing the word " *defence* " instead of " counter-claim."

*Westchester County, May* 1853. This was an action of trespass upon land. The defendant answered by denying the whole of the plaintiff's complaint, and averred title to the *locus in quo* in himself. To which answer the plaintiff replied by denying the defendant's averment.

The defendant now moves to strike out the reply.

ROBT. COCHRAN, *for Defendant.*

JOSEPH W. TOMPKINS, *for Plaintiff.*

JOHN W. MILLS, County Judge.—By section 149 of the Code of 1852, an answer must contain a general or specific denial of each material allegation of the complaint intended to be controverted by the defendant, and if the defendant has a *defence* or a *counter-claim*, he must set out in his answer a statement of such defence or counter-claim.

The 153d section tells us what the reply must contain, and by that it seems when the answer contains new matter constituting a counter-claim, the plaintiff may reply, &c.

The question now arises, what is a counter-claim? and it must be confessed that without the aid of the Code, the meaning of that word would be somewhat doubtful; but the 150th section relieves us from that doubt. A counter-claim, as defined by that section, is a claim existing in favor of a *defendant* against a *plaintiff* (and it must be a *cause of action*) arising out of contract, or the transaction set forth in the complaint or connected with the subject of the action; and in an action arising on con-

Williams agt. Upton.

tract, any other cause of action also arising on contract, and existing at the commencement of the action, is a counter-claim.

The defence set up in the answer in this action does not fall within either of these definitions of a counter-claim, but it is a defence entirely separate and distinct from, and in no way connected with, or growing out of the transaction set forth in the complaint.

The counsel for the plaintiff insisted, upon the argument, that by section 154 he was bound to reply in order to save the plaintiff from the consequences of that section; but I think that section 168 saves him. For by that section " an allegation of new matter in an answer, *not relating to a counter-claim,* is to be deemed controverted by the adverse party, as upon a direct denial or avoidance, as the case may be.

The legislature evidently intended to do away with the necessity of a reply in all cases, except in those cases where a counter-claim, as defined by the 150th section, was set up as a defence. It is also quite evident that section 154 was overlooked in the amendment of 1852; and in order to make the Code consistent and that section sensible, it must be construed and applied as it would be if the word *counter-claim,* instead of the word " defence " was contained in it (Quin agt. Chambers.—*N. Y. Legal Observer,* 155).

The motion must be granted; but as the question is a new one, and this decision adverse to the views entertained by other judges, it must be without costs to either party.